UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIGI DAELLI, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>　　　　　　　　　Defendant. | CIVIL ACTION NO. 05-CV-3095 (LAP) |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO VOLUNTARILY DISMISS ACTION**

Plaintiff submits this memorandum in support of Plaintiff's motion to voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a)(1) and Fed. R. Civ. P. 23(e). Plaintiff submits concurrently with this memorandum the Declaration of Brian P. Murray in support hereof. For the reasons set forth herein and in the Murray Decl., plaintiff respectfully submits that the motion for voluntary dismissal should be granted.

**I.    Preliminary Statement and Brief Procedural Background**

This is one of several class actions filed on behalf of certain Argentina bondholders. Plaintiff Luigi Daelli is the class representative in this action. The action was certified as a class action for liability only on March 2, 2007. In accordance with that order, the class is defined as follows: All current holders of Argentina 11 3/8% Global Bonds, bonds issued Argentina with an International Stock Identification Number ("ISIN") of US040114FC91, maturing on March 15, 2010 who will continue to hold 11 3/8 Bonds until final judgment has been entered in this action.

Daelli dutifully pursued this action for many years. Upon the death of Mr. Daelli in

2018, Mr. Daelli's son, on behalf of his mother, sold his bonds. As a result of that sale, which was unknown to Daelli's counsel until recently, Mr. Daelli's heir, Mrs. Daelli, no longer has standing to serve as class representative. In the meantime, Argentina has significantly improved its proposal of settlement to the holders of the subject bonds, and, as a result, the undersigned counsel is not in a position to recommend further litigation to a new plaintiff in lieu of participating in Argentina's settlement proposal.

**II.     Argument**

    **A.     Dismissal Is Appropriate**

The applicable federal rules for dismissal, found in Federal Rules of Civil Procedure 41 and 23, state the following:

> Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statue, the plaintiff may dismiss an action without a court order by filing:
>
> (i) a notice of dismissal before the opposing party serves either as answer or a motion for summary judgment; or
>
> (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1). Federal Rules of Civil Procedure Rule 23 further states: The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. Rule 23(e) provides:

> (e) Settlement, Voluntary Dismissal, or Compromise. The claims, issues, or defenses of a certified class or a class proposed to be certified for purposes of settlement may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> (1) . . . The court must direct notice in a reasonable manner to all class members

who would be bound by the proposal.

(2) . . . If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate.

(3) . . . The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.

(4) . . . If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.

(5) . . . Any class member may object to the proposal if it requires court approval under this subdivision (e) . . . Unless approved by the court after a hearing, no payment or other consideration may be provided in connection with: (i) forgoing or withdrawing an objection, or (ii) forgoing, dismissing or abandoning an appeal from a judgment approving the proposal.

Fed. R. Civ. P. 23(e)

Notice is only required when a dismissal binds class members.  Because this dismissal will be without prejudice, notice is not required.  Nevertheless, there is authority that suggests that notice should be given to the class in the event there remains any reliance interest in the case.  "The purpose of [Rule 23(e)] is to discourage the use of the class action device by the individual representative plaintiff to secure an unjust private settlement and to protect the absent class member against the prejudice of discontinuance."  3 A. Conte & H. Newberg, NEWBERG ON CLASS ACTIONS, § 8:18 at 219 (4th Ed. 2002).  Here, there is no private settlement. Murray Decl. ¶ 8.

In this case, the parties are in agreement that the case should be dismissed.  *See*

3

*Schultzen v. Woodbury Central Community School Dist.*, 217 F.R.D. 469, 472 (N.D. Iowa 2003) (case properly dismissed where class no longer exists).  Most obviously, a case needs a plaintiff with standing and without one cannot proceed.  Daelli's individual claim has been mooted by his heir's sale of his bonds.

In addition, the passage of time, the reported success of the two prior exchange offers, and the more recent settlement proposal have largely eliminated the class for which this case was originally brought.  Moreover, the class definition itself makes clear that those people who have sold their bonds – even those who subsequently repurchased them – are excluded from the class definition.

More significantly, Argentina's recent settlement proposal (dated February 5, 2016 and still open to class members) provides reasonable value in exchange for resolution of outstanding bondholders' rights and claims.  Indeed, Argentina has proposed resolution of several other class actions on these same terms, and several class action settlements on these precise terms have been proposed to the Court for approval, which approval has been given.  In addition, upon information and belief, numerous institutional and sophisticated investors have settled at the same terms proposed by Argentina.

Class members whose bonds are within the class definition of this case will not be disenfranchised by the dismissal of this action since they are and will remain free to participate in Argentina's settlement proposal outside the context of the class action.  Likewise, they are and will be free to bring their own individual claims should that be the course they prefer.  The proposed dismissal will have no res judicata or collateral estoppel effect on any class member other than the named plaintiff.

Accordingly, the undersigned counsel has determined that the best course of action is to dismiss the case without prejudice to the class.  Such a dismissal will give class members the

freedom to participate in Argentina's settlement proposal unconditionally and free of any additional cost, or, alternatively, to take whatever other action they deem appropriate. Upon dismissal, Class members will be no worse off than had the class action continued and been resolved on the same terms that have been proposed and accepted in other class actions.

Under these circumstances the proposed dismissal cannot conceivably be viewed as a detriment in any way to any class members.

Therefore, undersigned counsel respectfully submits that this case should be dismissed.

### B. The Form and Manner of Notice of Dismissal Should Be Approved

The dismissal of this action will not have a binding effect on class members, and notice does not appear to be required. *Joseph v. Amer. Mofication Agency, Inc*., 2012 WL 3542189, at *4 (S.D.N.Y. Aug. 12, 2012) (notice not required where dismissal is not prejudicial to class members); *Larkin General Hosp., Ltd. v. American Telephone & Telegraph Co*., 93 F.R.D. 497, 503 (E.D. Pa. 1982) (notice only needed when dismissal might prejudice absent class members). It is possible (though increasingly unlikely based on the lack of communication from class members over the years and particularly over the past year) that a few class members may have relied on the continuing existence of the class action. Therefore, out of an abundance of caution and to address any concern related to the possibility of such a reliance interest, a notice of dismissal is proposed.

Plaintiff respectfully submits that notice of dismissal should be disseminated by various means as set forth in the Murray Decl. To be clear, no attorney's fee is being paid to plaintiff's counsel by Argentina or anyone for that matter. A proposed form of notice of dismissal is annexed to the Notice of Motion as Exhibit 2 thereto and described in full in the Murray Decl. at ¶ 11. There are no other agreements between the undersigned counsel and Argentina. A notice campaign is described more fully in the Murray Decl. ¶¶ 10-11. Notices will be

communicated to bondholders through the Depository Trust Company's legal notification system (DTC's LENS) which is the same channel used by bond issuers to communicate with bond issuers to communicate with bondholders. In addition, website notices will be furnished in multiple relevant places on the Internet. The undersigned counsel respectfully submits that the proposed notice campaign is more than adequate under the circumstances of this case and should be approved. Murray Decl. ¶ 12.

### III.  Conclusion

For all the foregoing reasons, we respectfully request that the Court approve: (1) the voluntary dismissal of this action without prejudice, but with prejudice as to Daelli, and (2) the proposed form and plan of notice of dismissal.

Dated: October 7, 2019

**GLANCY PRONGAY & MURRAY LLP**

By:  */s/ Brian P. Murray*
    Brian P. Murray (BM 9954)
230 Park Avenue, Suite 530
New York, NY 10169
Telephone: (212) 682-5340
Email: bmurray@glancylaw.com

*Counsel for Plaintiff*